UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAKIEN FIGUEROA, :
: CIVIL ACTION NO. 3:21-0571
Petitioner :
: (JUDGE MANNION)
v. :
:
WARDEN ERIC BRADLEY :
:
Respondent :

## MEMORANDUM

Petitioner, Rakien Figueroa, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2015 federal sentence imposed by the United States District Court for the Eastern District of New York. Id. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

## I. Background

In October 2015, Figueroa was charged with one count of knowingly and intentionally possessing in and affecting commerce a firearm in violation of 18 U.S.C. §922(g)(1), 924(a)(2) and 3351. United States v. Figueroa, No. 15-CR-495 (E.D. N.Y.), Doc. 14, Indictment. In February 2018, after being

found guilty by jury, of count one of the indictment, Figueroa was sentenced to 72-months of imprisonment, to run consecutively with the sentence imposed in 08-cr-749. United States v. Figueroa, No. 15-CR-495 (E.D. N.Y.), Doc. 128, Judgment.

Figueroa filed a timely Notice of Appeal. United States v. Figueroa, No. 15-CR-495 (E.D. N.Y.), Doc. 132, Notice of Appeal. In October 2019, he supplemented his briefing and raised a Rehaif[1] claim. United States v. Figueroa, No. 18-589 (2d Cir.), Doc. 97. On August 7, 2020, the Second Circuit affirmed the judgments of the district court, denying the Rehaif claim. United States v. Figueroa, No. 15-CR-495 (E.D. N.Y.), Doc. 143, Order.

On March 29, 2021, Figueroa filed the instant petition for habeas relief claiming that his "conviction under 18 U.S.C. §922(g)(1) is invalid in light of Rehaif v. United States, 139 S.Ct. 2191 (2019)." (Doc. 1).

## II. Discussion

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See

---

[1] Rehaif v. United States, —— U.S. ——, 139 S. Ct. 2191 (2019).

- 2 -

Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective"

merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under §2241, the §2241 petition must be dismissed

for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, Petitioner's only challenge to his conviction is pursuant to Rehaif. The record is clear, however, that Figueroa raised his Rehaif claim as part of his appeal before the Second Circuit. Thus, Figueroa fails to demonstrate that he falls within the exception initially recognized in Dorsainvil, 119 F.3d 245 and reaffirmed in Bruce, 868 F.3d 170 (2017).

Moreover, there is no indication that Petitioner has filed a §2255 motion challenging his conviction and sentence. While Petitioner has not filed a §2255 motion challenging his conviction and sentence, this Court has noted that "[t]he remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Likewise, as noted above, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long, 611 F. App'x at 55. Therefore, Petitioner may not rely upon §2241 to raise his claims, and the Court will dismiss his §2241 petition for lack of jurisdiction.

## III. Conclusion

Based on the foregoing, Figueroa's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a §2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 23, 2021**
21-0571-01